UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **HORACE CAUDLE,** } | |
| } | |
|     **Petitioner,** } | |
| } | |
| **v.** } | **Case No.: 5:17-cv-08019-RDP** |
| } |           **5:09-cr-00157-RDP-SGC-1** |
| **UNITED STATES OF AMERICA,** } | |
| } | |
|     **Respondent.** } | |

## MEMORANDUM OPINION

This case is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. # 1). The Motion is fully briefed and ripe for review. (Docs. # 2, 5, 7). For the reasons discussed below, Petitioner's Motion (Doc. # 1) is due to be denied.

**I.    Background**

On May 5, 2009, Horace Caudle, Jr., ("Petitioner" or "Caudle") was indicted for conspiracy to distribute and possession with intent to distribute five (5) kilograms or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(a). (Cr. Doc. # 1 at 1-2).[1] Following a jury trial in December 2009, Petitioner was convicted of conspiracy to distribute cocaine. (Cr. Doc. # 69).

On August 8, 2010, this court held a sentencing hearing. (Cr. Doc. # 85). The government contends that Petitioner is a career offender with an extensive criminal criminal history. (*See* Cr. Doc. # 83). Petitioner was previously convicted for possession of marijuana for other than personal use, as well as possession of marijuana in the first degree. (*Id.* at ¶¶ 31, 35, 38). Based

---

[1] Citations to "Cr. Doc." refer to docket entries in Petitioner's criminal case, case number 5:09-cr-00157-RDP-SGC-1. All other citations refer to docket entries in Petitioner's civil case, case number 5:17-cv-08019-RDP.

upon Petitioner's prior Alabama convictions, the Presentence Report ("PSR") assigned Petitioner a base offense level of 36 under United States Sentencing Guidelines ("U.S.S.G.") § 1D1.1(c)(2). (Cr. Doc. # 83 at ¶ 22). Additionally, two points were added pursuant to U.S.S.G. § 2D1.1(b)(1) because Petitioner possessed a Glock 9mm pistol along with drugs during one of his prior felony arrests. (*Id.* at ¶ 23). This resulted in an adjusted offense level of 38.[2] (*Id.*). The court sentenced Petitioner to a mandatory term of life in prison. (Cr. Doc. # 83).

Petitioner appealed his conviction. (Cr. Doc. # 103). On appeal, Petitioner argued that the district court: (1) failed to suppress evidence seized by the police during a warrantless search of his vehicle; and (2) erred in admitting evidence seized from his home pursuant to a search warrant because the affidavit in support of the warrant contained factual inaccuracies. (*Id.*). In June 2011, the Eleventh Circuit affirmed Petitioner's conviction. (*Id.*). Caudle did not petition for review of the Eleventh Circuit's decision in the Supreme Court.

On August 5, 2017, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Docs. # 1, 2). Petitioner argues that he was sentenced erroneously and is entitled to a sentence reduction under *Mathis v. Unites States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court held that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element. *Id.* at 2257. The government filed responsive briefing arguing that: (1) Petitioner's § 2255 motion is time-barred; and (2) even if his motion is not time-barred, the *Mathis* decision is not retroactive.[3] (Doc. # 5). The court

---

[2] According to U.S.S.G. § 2D1.1, comment (n.3), this adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. (Cr. Doc. # 83 ¶ 23).

[3] The government did not address the merits of Petitioner's § 2255 motion. (Doc. # 5 at 1 n.2).

addresses each argument, in turn.

## II. Standard of Review

Section 2255 authorizes a federal prisoner to seek to vacate, set aside, or correct his sentence if the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements, which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his claims fail to state a cognizable claim or if he presents only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

## III. Analysis

### A. Petitioner's § 2255 Motion is Untimely.

According to § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The government argues that Petitioner's § 2255 motion is time-barred pursuant to § 2255(f)(1). The court agrees.

Petitioner was convicted of conspiracy to distribute cocaine in December 2009. (Cr. Doc. # 69). Petitioner appealed his conviction to the Eleventh Circuit. (Cr. Docs. # 87, 103). In June 2011, the Eleventh Circuit affirmed his conviction and sentence, and Caudle did not petition the Supreme Court for a writ of certiorari. (Cr. Doc. # 103). The Eleventh Circuit issued its mandate on July 20, 2011. (Cr. Doc. # 103). Because Petitioner did not seek review in the Supreme Court, his conviction became final on October 28, 2011, once the ninety-day period for petitioning for certiorari had expired. *See, e.g.*, *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (holding that "even when a prisoner does *not* petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90–day period for seeking certiorari.") (emphasis in original). Therefore, Petitioner's § 2255 motion, filed in May 2017, is more than five years too late.

    **B.**  ***Mathis* is Not Retroactively Applicable to Cases on Collateral Review**

Perhaps recognizing that his § 2255 motion is untimely, Petitioner relies on § 2255(f)(3) and *Mathis* to move the starting point for his one-year time period to file this motion. Petitioner argues that the Supreme Court's *Mathis* decision constitutes a "newly recognized" constitutional right that is retroactively applicable to cases on collateral review. Thus, he argues, under *Mathis*

and § 2255(f)(3), he had one year from the date *Mathis* was issued (June 23, 2016) to file his § 2255 Motion.[4] Petitioner is mistaken.

In *Mathis*, the Supreme Court held that the application of the modified categorical approach must focus on the elements of the statutory offense under consideration, and not the offense's means of commission. 136 S. Ct. at 2257. But, in *Mathis*, the Supreme Court expressly acknowledged that it was not creating a new rule of law. *Id.* ("For more than 25 years we have repeatedly made clear that application of the ACCA involves, and involves only, comparing elements."). Rather, *Mathis* merely clarified existing precedent. *Id.*

The Eleventh Circuit has acknowledged that *Mathis* did not create a new rule of law that is retroactively applicable to cases on collateral review. *In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) (holding "the Supreme Court's holding in *Mathis* did not announce a 'new rule of constitutional law.' *See* 28 U.S.C. § 2255(h). Rather, the Supreme Court in *Mathis* provided guidance to courts in interpreting an existing criminal statute."); *Smith v. United States*, No. CR608-030, 2017 WL 1745057, at *1 (S.D. Ga. May 3, 2017) (finding that Mathis does not meet the requirements of § 2255(f)(3)). *See also Winarske v. United States*, 913 F.3d 765, 767 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 211 (2019) (affirming the district court's denial of Petitioner's § 2255 motion because *Mathis* did not announce a new rule of law made retroactive to cases on collateral review by the Supreme Court; rather, *Mathis* is simply the Supreme Court's latest interpretation of the categorical approach it has long applied in deciding whether a prior conviction is an ACCA violent felony); *Dimott v. United States*, 881 F.3d 232, 234 (1st Cir. 2018), *cert. denied sub nom., Casey v. United States*, 138 S. Ct. 2678 (2018) (stating that *Mathis* is not retroactively applicable); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016)

---

[4] Petitioner filed his § 2255 motion on May 5, 2017.

(concluding that *Mathis* did not announce a new rule of law). Therefore, Petitioner's § 2255 motion is time-barred and due to be denied.

Even if Petitioner's § 2255 motion was not time-barred (and to be clear, it is), he is unlikely to succeed on the merits. Petitioner's merit arguments are largely unintelligible. He appears to argue that his guideline enhancement at sentencing, under the recidivist provision of 21 U.S.C. § 841, was improper pursuant to the "categorical approach" articulated by the Supreme Court in *Mathis*. But, the court need not address those arguments on their merits because, as previously discussed, the Court in *Mathis* did not create a new rule of law.

### IV.  Conclusion

After careful consideration, the court has determined that Petitioner's § 2255 motion (Doc. # 1) is due to be denied as untimely. A separate order consistent with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this July 14, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE